# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ASTRID GABBE, ESQ., | CIVIL ACTION |
| Appellant, | FILE NO. 5:24−cv−00233−MTT |
| v. | |
| THOMAS MCCLENDON SOLEY AS TRUSTEE OF THE TERI GALARDI LIQUIDATING TRUST, | *On appeal from* Bankruptcy Court Chapter 11 Case No. 22-50035 |
| Appellee. | |

## BRIEF OF APPELLANT ASTRID GABBE, ESQ.

## DALZIEL LAW FIRM

Charles M. Dalziel, Jr.
Georgia Bar No. 203730
680 Village Trace N.E.
Building 20E
Marietta GA 30067
Telephone: 404-735-0438
chuck@dalziellawfirm.com

*Attorney for Appellant*

# TABLE OF CONTENTS

Table of Contents ............................................................................................ ii

Table of Authorities......................................................................................... iii

Jurisdictional Statement ................................................................................... 1

Issues Presented ............................................................................................... 1

Statement of the Case....................................................................................... 2

Standard of Review .......................................................................................... 3

Summary of the Argument .............................................................................. 3

Argument........................................................................................................... 4

    a.  Trustee Judicially Admitted Below Kosachuk and Parker Lack
        Party in Interest Standing.................................................................... 4

    b.  The Bankruptcy Court Ruled Kosachuk and Parker Lack Standing
        to Object to the Motion....................................................................... 7

    c.  Trustee's Oral Modification of the Motion Removing Her from
        the Permanent Injunction is Void........................................................ 9

Conclusion....................................................................................................... 10

Certificate of Compliance .............................................................................. 11

Certificate of Service...................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

Best Canvas Products & Supplies,
  Inc. v. Ploof Truck Lines, Inc., 713 F.2d 618, 621 (11th Cir.1983) ....................... 10

*Choi v. Promax Invs., LLC,*
  486 B.R. 541, 543 (Bankr. N.D. Ga.  2012) ................................................. 7

Cooper v. Meridian Yachts,
  Ltd., 575 F.3d 1151, 1178 (11th Cir. 2009) ................................................. 9

Crowe v. Coleman,
  113 F.3d 1536, 1542 (11th Cir. 1997) ........................................................ 9

Glick v. White Motor Co.,
  458 F.2d 1287, 1291 (3d Cir. 1972) ........................................................... 9

Hill v. Federal Trade Comm'n,
  124 F.2d 104, 106 (5th Cir. 1941) ............................................................. 9

Keller v. United States,
  58 F.3d 1194, 1199 n. 8 (7th Cir.1995) ..................................................... 10

Langdale Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.,
  110 F.Supp.3d 1285, 1293–94, No. 12–CV–02422, 2014 WL 9953611, at *6
  (N.D.Ga. June 4, 2014) ........................................................................ 10

Oscanyan v. Arms Co.,
  103 U.S. 261, 26 L.Ed. 539 (1880) ........................................................... 10

Raiford v. Abney (Matter of Raiford),
  695 F.2d 521, 523 (11th Cir. 1983) ........................................................... 10

*Reider v. FDIC (In re Reider),*
  31 F.3d 1102, 1104 (11th Cir. 1994) ........................................................... 7

State Farm Mut. Auto. Ins. Co. v. Worthington,
  405 F.2d 683, 687 (8th Cir. 1968) ............................................................ 10

**Statutes**

28 U.S.C. § 158(a) ................................................................................ 5

Federal Rules of Bankruptcy Procedure 8001, *et seq.*................................................... 5

Section 1109(b) of the Bankruptcy Code .................................................................... 11

**Other Authorities**
7 Collier on Bankruptcy ¶1109.01 (16th ed. 2023)...................................................... 11

## JURISDICTIONAL STATEMENT

This appeal arises from the Bankruptcy Court for the Middle District of Georgia's (the "Bankruptcy Court") Final *Order (I)Approving Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorizing Liquidating Trustee to Pay Remaining Liabilities, (C) Authorizing Wind Down of Liquidating Trust and (D) Releasing Liquating Trust and (D) Releasing Liquidating Trust Parties and Granting Injunctive Relief* (the "Final Order," Dkt. No. 921) granting Appellee Thomas McClendon, in his capacity as Chapter 11 liquidating trustee for the Galardi Creditor's Trust (the "Trustee"), *Motion to (I) Approve Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorize Liquidating Trustee to Pay Remaining Liabilities, (C) Authorize Winding Down of Liquidating Trust and (D) Release Liquidating Trust Parties and Granting of Injunctive Relief (Dkt. 846).*

This appeal is from a final order entered on July 3, 2024 (Dkt. 921). Appellant filed her timely Notice of Appeal on July 15, 2024 (Dkt. 935). This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a) and Federal Rules of Bankruptcy Procedure 8001, *et seq.*, which govern appeals from a bankruptcy court to a district court in this jurisdiction.

## STATEMENT OF ISSUES PRESENTED

**1. Whether the Bankruptcy Court Erred when it ruled in paragraph 12 of the Final Order (Doc. No. 921) that the permanent injunction granted in in paragraph 11 does not bar Kosachuk and Parker from prosecuting claims that are otherwise enjoined by paragraph 11.**

## STATEMENT OF THE CASE

**I.     The Appeal of the Final Order by Astrid E. Gabbe and Astrid E. Gabbe, P.A. (referred to on cover page and also possibly below as "Astride E. Gabbe"**

On January 12, 2022 (the "Petition Date"), Teri G. Galardi ("Debtor") filed voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court (Doc. No. 1). On April 14, 2023, the Court entered an Order Confirming Joint Plan of Reorganization (Doc. No. 410) (the "Confirmation Order"). Pursuant to the Confirmation Order, the Liquidating Trustee was appointed to oversee the Galardi Creditors Trust for the benefit of unsecured creditors under Class 8 of the Plan. Appellant was a Class 8 unsecured creditor that has been paid in full by the Trustee, and no longer had a monetary interest in the case at the time of being served with the Motion. On July 3, 2024, the Bankruptcy Court entered the Order appealed from (Dkt.921), titled ORDER (I) APPROVING THIRD AND FINAL DISTRIBUTIONS TO THE BENEFICIARIES OF THE GALARDI CREDITOR TRUST, (B)

AUTHORIZING LIQUIDATING TRUSTEE TO PAY REMAINING

LIABILITIES, (C) AUTHORIZE WINDING DOWN OF LIQUIDATING

TRUST AND 9D) RELEASING LIQUIDATING TRUST PARTIES AND

GRANTING INJUNCTIVE RELIEF. ('Final Order")

Paragraph 11 of the Order, in order to ensure, finality, enjoined all persons who

may assert claims in connection with the case, against the Galardi Creditor Trust,

against the Liquidating Trustee, or against any creditor or recipient of any payment

from the Galardi Creditor Trust from seeking recovery of any moneys in any

manner whatsoever that does not conform to or comply with the provisions of the

Plan, the Confirmation Order, the liquidating Trust Agreement, the prior orders of

the Court, or the Settlement Agreement approved by the Court on December 19,

2023 (Dkt. 683).

Appellant appeals specifically Paragraph 12 on page 6 of the Final Order, which

specifically orders that

> This order does not (a) release Astrid E. Gabbe or Astrid E. Gabbe, P.A., from
> any liability or enjoin any claims which may be held or brought by Kosachuk or
> Parker against Astrid E. Gabbe or Astrid E. Gabbe, P.A. which such claims are
> reserved by Kosachuk and Parker…

(Dkt. 921, page 6).

No other creditor in the case besides Gabbe and Gabbe P.A. was treated in this manner.  For the reasons discussed below the bankruptcy court erred and should be reversed.

## STANDARD OF REVIEW

A district court's review of a bankruptcy court order requires the district court to "accept the bankruptcy court's factual conclusions unless they are found to be clearly erroneous." Choi v. Promax Invs., LLC, 486 B.R. 541, 543 (Bankr. N.D. Ga. 2012). A bankruptcy court's conclusions of law are reviewed de novo. Reider v. FDIC (In re Reider), 31 F.3d 1102, 1104 (11th Cir. 1994).

## SUMMARY OF THE ARGUMENT

The Bankruptcy Court determined in paragraph 1. on page 3 of the Final Order (Dkt. 921), that Mr. Kosachuk and Ms. Parker lack party in interest standing to object to the Motion (Note that the Liquidating Trustee was the author of the Final Order the Court entered). The Final Order provided in the paragraph 1. Of its ORDERS on page 4 that   Kosachuk and Parker have limited party in interest standing "with respexct to the scope of the injunctive relief as it relates to Astrid E. Gabbe and Astrid E. Gabbe P.A.

Kosachuk was terminated because he forged Appellant's signature on various legal documents in the underlying bankruptcy case that resulted in the filing of three bar complaints, and theft of over $400,000 from one client. aAt the time he was terminated by Gabbe, he  was attempting to steal over $100,000 from another client by claiming in court documents the clients authorized a consent judgment, t and for Appellant to be their trustee to maintain the funds for their benefit.  Trustee was made fully aware of the actions of Kosachuk at the time he was terminated in March, 2024.

The exception to the injunction that is the subject of this appeal  was clear error and an abuse of discretion,  because bankruptcy law does not  allow for limited party in interest standing.  One either possesses party in interest standing, or one does not.  As the bankruptcy court and Trustee already noted, Kosachuk and Parker lack standing to be heard on any issue in the case below.  Therefore, the decision of the bankruptcy court should be reversed with instructions to amend the Final Order and find Kosachuk and Parker lack party in interest standing to object to the Motion, the permanent injunction located therein and to file any papers, motions or adversarial cases in the underlying bankruptcy case.

<u>ARGUMENT</u>

I.       <u>**It was error for the Bankruptcy Court to Find Kosachuk and Parker have Standing to Object to the Permanent Injunction when it had**</u>

**Previously Ruled they Lack Party in Interest Standing to Object to the Motion.**
   a. **Trustee Judicially Admitted Below Kosachuk and Parker Lack Party in Interest Standing.**

At oral argument the Trustee made the following pronouncement to which

he is legally bound by in this appeal:

**MR. MCCLENDON:** I am asking --

**THE COURT:** -- going to take a break in a minute.

**MR. MCCLENDON:** -- Your Honor to find that Mr. Kosachuk, Ms. Parker, and Ms. Williams have no standing make any of the objections. And I can read them out, Your Honor, but you've already read them for the record.

There's three objections to each -- each of them has objected to the motion to disburse, my request for compensation, Jones and Walden's request for compensation.

 Each of them released me, Mr. Jones, Jones and 20 Walden, the liquidating trust. Each of them has promised not to do or file anything affecting my distributions or management of the trust in the settlement agreement. That's paragraph 18.

 Ms. Parker has agreed, Your Honor, that she withdrew her claim with prejudice after I paid her $49,600. And I have 1 got the proof if Your Honor needs to see it.

Ms. Williams also is not here today, but she got paid $50,050. She withdrew her claim with prejudice. And that's docket 693.

She also agreed to --she also released the 6 liquidating trustee, Mr. Jones, Jones and Walden, the Galardi 7 Trust, among others, and agreed not to file anything that would 8 affect my distributions or the management of the trust.

And I don't know what else can be more on point than a motion to disburse and applications for compensation for each of those.

(Transcript – pp. 44-46)

A judicial admission is a statement by a party or its counsel that removes a factual issue from dispute in a litigation and binds both parties on trial and appeal. See Cooper v. Meridian Yachts, Ltd., 575 F.3d 1151, 1178 (11th Cir. 2009) ("[F]acts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them.") (quoting Hill v. Federal Trade Comm'n, 124 F.2d 104, 106 (5th Cir. 1941) ). To be binding, a judicial admission must be "unequivocal" and "unambiguous." Crowe v. Coleman, 113 F.3d 1536, 1542 (11th Cir. 1997) (quoting Glick v. White Motor Co., 458 F.2d 1287, 1291 (3d Cir. 1972) ).

"Judicial admissions are formal concessions ... that are binding upon the party making them." Langdale Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn., 110 F.Supp.3d 1285, 1293–94, No. 12–CV–02422, 2014 WL 9953611, at *6 (N.D.Ga. June 4, 2014), aff'd 609 Fed.Appx. 578 (11th Cir.2015); see also Keller v. United States, 58 F.3d 1194, 1199 n. 8 (7th Cir.1995). Such statements "are proof possessing the highest probative value. Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc., 713 F.2d 618, 621 (11th Cir.1983). To be binding, judicial admissions must be unequivocal. See Oscanyan v. Arms Co., 103 U.S. 261, 26 L.Ed. 539 (1880) (admission by counsel during trial is binding). "Normally,

judicial admissions are binding for the purpose of the case in which they are made, not in separate and subsequent cases." <u>Raiford v. Abney</u> (Matter of Raiford), 695 F.2d 521, 523 (11th Cir. 1983) (citing S<u>tate Farm Mut. Auto. Ins. Co. v. Worthington</u>, 405 F.2d 683, 687 (8th Cir. 1968)).

The Trustee unequivocally admitted  that Kosachuk and Parker lacked party in interest standing to file objections to the motion approving the final distributions.  This necessarily included a lack of standing to object as to who received distributions.

In the Final Order the Bankruptcy Court ruled that the despite the fact that Kosachuk and Parker lack party in interest standing generally,   they still are not subject  permanent injunction against future claims, only as to claims against Gabbe or Gabbe P.A. the Bankruptcy Court signed the Final order 9Dkt. 921) saying these claims were "reserved" by Kosachuk and Parker.

### b.  <u>There is No Such Thing as the Limited Standing the Court Found Under the Bankruptcy Code</u>

The Bankruptcy Court erred because there is nothing in the bankruptcy code that provides for partial standing with respect to objecting to a motion. Section 1109(b) of the Bankruptcy Code provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise

and may appear and be heard on any issue in a case under this chapter." "The

general theory behind §1109(b) is that anyone holding a direct financial stake in

the outcome of the case should have an opportunity (either directly or through an

appropriate representative) to participate in the adjudication of any issue that may

ultimately shape the disposition of his or her interest." 7 <u>Collier on Bankruptcy</u>

¶1109.01 (16th ed. 2023). Another creditor attorney astutely observed Kosahcuk

and Parker lack party in interest standing.  Mr. Michael Akemon, an attorney that

represents 22 creditors stated on the record at the hearing on the Motion the

following that is pertinent to this appeal:

MR. AKEMON: The court in Florida, I'm sorry, the Southern District of Florida,
with Judge Cannon and Judge Becerra. During that admonishment they ordered
that Mr. Kosachuk should not come to any of these depositions.

They also made an oral order telling Mr. Kosachuk, you don't have standing, you're
not a party. He tried to file a motion to intervene. It was denied. He tried to file a
motion as an interested party. They made an oral order that he's not a party. He's
done this time and time and time again.

Judge Smith [former bankruptcy judge presiding over the case, now retired]
ordered that he's not a party.  He continues to do these things in an effort to extract
funds from the trust which, quite frankly, I'm speaking on behalf of my 22 clients,
are harming them more than anyone else because this trust could have been
wrapped up in September.

However, Mr. Kosachuk, with the assistance of Ms. Parker and Ms. Williams,
continues to file all of these motions when he knows that they're frivolous. He
knows he has no standing because the court already ordered that he has no
standing.

 So for him to file another motion I think yesterday filing for another relief from
something that's already been established is just -- at this point it's extreme. It's --
and it's beyond -- I've never seen anything like this.

The courts in Florida say they've never seen anything like this. Mr. Kosachuk will not stop until this court issues an order telling him and Ms. Parker and Ms. Williams that he has no standing.

I have no doubt that the motions that you see filed by Ms. Williams and Ms. Parker have been drafted by Mr. Kosachuk.

Mr. Kosachuk has admitted that he's drafted every document for Ms. Gabbe. He drafted -- he's filed every document for Ms. Gabbe. It's basically Mr. Kosachuk practicing law without a license and using people who may have had some standing at one time in this case as an impetus to have standing in this case.

And I'm asking the Court to find that Mr. Kosachuk has no standing, that he be prohibited from any future filings. And if he does file anything else, that he be held in immediate contempt and either jailed or fined on a daily basis for every filing that he has, Your Honor.

That is the same order that another court has issued against Mr. Kosachuk down in the southern district in which he filed eight lis pendens against a young lady in a bankruptcy court.

It wasn't until that court told him, you don't have standing, if you file anything else, we're going to fine you daily and incarcerate you. It was only until then that he stopped. I'm asking the Court to do the same here for the benefit of my clients. Thank you.

(Transcript pp. 53-55)

The bankruptcy court correctly held that Kosachuk and Parker do not hold a direct or even indirect financial stake in the outcome of the case. That being the case, it was clear error for the Court to except them from the permanent injunction in the Final Order, as to claims against Gabbe and Gabbe P.A. This finding of limited standing, a status that does not exist under the Bankruptcy Code, was clearly erroneous.

   c.  **The Trustee's Oral Modification of the Motion Removing Gabbe and Gabbe P.A. from the Permanent Injunction Was Void.**

Gabbe and Gabbe P.A. were s served with the Motion and had no objections to any provision. Appellant did not appear at the hearing on the Motion because she consented to all the relief requested in the Motion. Trustee never informed Gabbe he was in settlement negotiations with Kosachuk and Parker that were detrimental to her interests as a creditor and as a party with standing whose was agreeing to desired finality. Trustee never informed Gabbe that he would be changing the deal and exempting Gabbe and Gabbe P.A. from the protection of the permanent injunction. Trustee did not have the authority from Gabbe and Gabbe P.A. modify at the hearing the terms of a deal set forth in a motion that was served on Appellant which included as an essential part of the deal protection from claims in the future for Gabbe and Gabbe P.A. Gabbe and Gabbe P.A. were trust beneficiaries to which the Liquidating Trustee owed a duty of loyalty and honest dealing, which was breached. Therefore, The decision of the Bankruptcy Court making the last second exemption to the permanent injunction must accordingly be reversed.

<u>CONCLUSION</u>

For all the reasons above, the bankruptcy court's order exempting only Appellant from the protection of the permanent injunction should be reversed. This 2nd day of October, 2024.

**DALZIEL LAW FIRM**

*/s/ Charles M. Dalziel, Jr.*

Charles M. Dalziel, Jr.

Georgia Bar No. 203730

680 Village Trace N.E.

Building 20E

Marietta GA 30067

Telephone: 404-735-0438

chuck@dalziellawfirm.com

Attorney for Appellant

**CERTIFICATE OF COMPLIANCE** This document complies with the type-volume limits of Federal Rule of Bankruptcy Procedure 8015(a)(7) because, excluding the parts of the document exempted by Federal Rule of Bankruptcy Procedure 8015(g), this document contains less than 13,000 words as determined by the word count function within Microsoft's Word software program. This entire Brief, inclusive of parts exempted from word counts, contains 3,022 words. This document complies with the typeface requirements of Federal Rule of Bankruptcy Procedure 8015(a)(5), and the type-style requirements of Federal Rule of

Bankruptcy Procedure 8015(a)(6), because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

This 2nd day of October, 2024.

DALZIEL LAW FIRM

*/s/ Charles M. Dalziel, Jr.*
Charles M. Dalziel, Jr.

Georgia Bar No. 203730
680 Village Trace N.E.
Building 20E
Marietta GA 30067
Telephone: 404-735-0438
chuck@dalziellawfirm.com
Attorney for Appellant

CERTIFICATE OF SERVICE I hereby certify that I have this day filed the within and foregoing BRIEF OF APPELLANTS ASTRID E. GABBE, ESQ. with the Clerk of Court using the Court's electronic filing system, which will automatically send an electronic notification of such filing to all the attorneys of record, and by mail to Christopher Kosachuk,, 854 Pheasant Run Road, West Chester PA 19382-8144, and to Jammie Parker, 12 Wallace Street, Greenville SC 29605.

This 2nd day of October, 2024.

**DALZIEL LAW FIRM**

*/s/ Charles M. Dalziel, Jr.*

Charles M. Dalziel, Jr.

Georgia Bar No. 203730

680 Village Trace N.E.  Building 20E

Marietta GA 30067

Telephone: 404-735-0438

chuck@dalziellawfirm.com

Attorney for Appellant
