**Civil Action No. 5:24-cv-00233-MTT**

---

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA, MACON DIVISION

---

**In re: Teri G. Galardi, Debtor (Chapter 11, Case No. 22-50035-AEC, United States Bankruptcy Court, Middle District of Georgia, Macon Division)**

---

**Astrid E. Gabbe, Esq., Appellant,**

**v.**

**Thomas T. McClendon, as Liquidating Trustee of the
Galardi Creditors Trust, Appellee.**

---

## ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT, MIDDLE DISTRICT OF GEORGIA, MACON DIVISION

---

## BRIEF OF APPELLEE THOMAS T. MCCLENDON AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITOR TRUST

---

**JONES & WALDEN LLC**
**Thomas T. McClendon**
**Georgia Bar No. 431452**
**Leon S. Jones**
**Georgia Bar No. 003980**
**699 Piedmont Avenue, NE**
**Atlanta, Georgia 30308**
**(404)-564-9300**
**tmcclendon@joneswalden.com**
**ljones@joneswalden.com**
**Attorneys for Appellee**

Appellee Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditor Trust ("**Liquidating Trustee**") hereby submits his brief in response to the appeal by Astrid Gabbe ("**Appellant**") of the order entered on July 3, 2024 (Dkt. 2, p. 106) (the "**Distribution Order**") by the United States Bankruptcy Court for the Middle District of Georgia (the "**Bankruptcy Cou**rt") in *In re Teri G. Galardi*, 22-50035-AEC (the "**Bankruptcy Case**").

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 8012(a), the undersigned certifies as follows:

1.    The undersigned certifies that, as an individual, the Liquidating Trustee has no obligations for corporate disclosure.

2.    The undersigned certifies that the following is a full and complete list of all other persons, associations, firms, partnership, or corporations having either a financial interest in or other interest which could be substantially affected by the outcome of this particular case:

| Name | Relationship to Case |
|------|---------------------|
| Internal Revenue Service | Beneficiary of the Galardi Creditor Trust |
| Georgia Department of Revenue | Beneficiary of the Galardi Creditor Trust |
| Discover Bank | Beneficiary of the Galardi Creditor Trust |
| American Express | Beneficiary of the Galardi Creditor Trust |
| Verizon | Beneficiary of the Galardi Creditor Trust |
| Jack Galardi Torres | Beneficiary of the Galardi Creditor Trust |
| American Arbitration Association | Beneficiary of the Galardi Creditor Trust |

| | |
|---|---|
| Shanice Bain | Beneficiary of the Galardi Creditor Trust |
| Yashica Bain | Beneficiary of the Galardi Creditor Trust |
| Maria Bush | Beneficiary of the Galardi Creditor Trust |
| Princess Callahan | Beneficiary of the Galardi Creditor Trust |
| Jessica Chapman Williams | Beneficiary of the Galardi Creditor Trust |
| Quina DePoe | Beneficiary of the Galardi Creditor Trust |
| Shadana Deleston | Beneficiary of the Galardi Creditor Trust |
| Shanrika Duhart | Beneficiary of the Galardi Creditor Trust |
| Belinda Harris | Beneficiary of the Galardi Creditor Trust |
| Cystyona Hartzog | Beneficiary of the Galardi Creditor Trust |
| Shasha Hollins | Beneficiary of the Galardi Creditor Trust |
| Kitrea Jackson | Beneficiary of the Galardi Creditor Trust |
| Ronika Jones | Beneficiary of the Galardi Creditor Trust |
| Abri Leahong | Beneficiary of the Galardi Creditor Trust |
| Queen Lewis Saunders | Beneficiary of the Galardi Creditor Trust |
| Montoya Minnis | Beneficiary of the Galardi Creditor Trust |
| Tania Ramessar | Beneficiary of the Galardi Creditor Trust |
| Jannifer Ridley | Beneficiary of the Galardi Creditor Trust |
| Adia Simmons | Beneficiary of the Galardi Creditor Trust |
| Seleta Stanton | Beneficiary of the Galardi Creditor Trust |
| Aisha Tailaferro | Beneficiary of the Galardi Creditor Trust |
| Marsha Taylor | Beneficiary of the Galardi Creditor Trust |
| Brittany Walker | Beneficiary of the Galardi Creditor Trust |
| Michael "Mutepe" Akemon | Attorney for Beneficiaries |
| Angela Milner | Beneficiary of the Galardi Creditor Trust |
| Marleeka Williams | Beneficiary of the Galardi Creditor Trust |
| Ebony Mayfield | Beneficiary of the Galardi Creditor Trust |
| Rasheedah Mays | Beneficiary of the Galardi Creditor Trust |
| Ameera Brewer | Beneficiary of the Galardi Creditor Trust |
| Tiffany Thompson | Beneficiary of the Galardi Creditor Trust |
| Angela Coates | Beneficiary of the Galardi Creditor Trust |
| Desiree Jones Sauntman | Beneficiary of the Galardi Creditor Trust |
| Cassandra St. Fleur | Beneficiary of the Galardi Creditor Trust |
| Brandi Robertson | Beneficiary of the Galardi Creditor Trust |
| Tramaine Moore | Beneficiary of the Galardi Creditor Trust |
| Joseph R. Guernsey | Beneficiary of the Galardi Creditor Trust |
| Marquesha Holmes | Beneficiary of the Galardi Creditor Trust |

| | |
|---|---|
| Elliandria Griffin | Beneficiary of the Galardi Creditor Trust |
| Lakeisha Fenner Franco | Beneficiary of the Galardi Creditor Trust |
| Diana Smith | Beneficiary of the Galardi Creditor Trust |
| Marei Kahey | Beneficiary of the Galardi Creditor Trust |
| Apeatsiwa Shaw-Taylor Crawford | Beneficiary of the Galardi Creditor Trust |
| Krystall Wright | Beneficiary of the Galardi Creditor Trust |
| Latoya Hughes | Beneficiary of the Galardi Creditor Trust |
| Ainsworth Dudley | Attorney for Beneficiaries |
| Addie Brooks | Beneficiary of the Galardi Creditor Trust |
| Jenisse Long | Beneficiary of the Galardi Creditor Trust |
| Marissa Walker | Beneficiary of the Galardi Creditor Trust |
| Thomas T. McClendon | Liquidating Trustee and Attorney for Liquidating Trustee |
| Leon S. Jones | Attorney for Liquidating Trustee |
| Jones & Walden LLC | Attorney for Liquidating Trustee |
| Astrid Gabbe, Esq. | Appellant |

3.    The undersigned further certifies that the following is a full and complete list of all persons serving as attorneys for the parties in this proceeding:

Counsel for Appellant:          Charles M. Dalziel, Jr.
                                680 Village Trace N.E.
                                Building 20E
                                Marietta GA 30067


Counsel for Appellee:          Leon S. Jones
                                Thomas T. McClendon
                                Jones & Walden LLC
                                699 Piedmont Avenue, NE
                                Atlanta, Georgia 30308

## STATEMENT ON ORAL ARGUMENT

The Liquidating Trustee does not request oral argument.

# Table of Contents

**JURISDICTIONAL STATEMENT** ....................................................**8**

**STATEMENT OF THE ISSUES** ......................................................**8**

**STANDARD OF REVIEW** ...............................................................**8**

**STATEMENT OF THE CASE** ..........................................................**9**

**ARGUMENT AND CITATIONS OF LAW** ....................................**12**

I.    Gabbe Has Waived Her Right to Bring this Appeal Under the Settlement Agreement. ...............................................................................12

II.   Gabbe Has Disclaimed Any Interest in the Galardi Creditor Trust and Lacks Standing on this Appeal. ...................................................14

III.  Gabbe Waived Any Arguments in this Appeal By Failing to Raise Them in the Bankruptcy Court. ............................................................17

IV.  Gabbe's Arguments are Unsupported by Law. .........................21

(i) Any Statement by the Liquidating Trustee are Not Binding on the Bankruptcy Court. ..............................................................................22

(ii) The Bankruptcy Court Properly Found that Kosachuk and Parker Has Standing as to the Injunction Language. .......................................22

(iii) Trustee Owes No Duty to Gabbe and Had No Deal Beyond the Settlement Agreements .......................................................................26

V.   Conclusion...............................................................................27

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355 (11th Cir. 1984)..............20

*DeMartini v. Town of Gulf Stream*, 942 F.3d 1277 (11th Cir. 2019) ........................8

*Eckert v. Sears, Roebuck & Co.*, 2013 U.S. Dist. Lexis 149561, 2013 WL 5673511 (M.D. Fla. Oct. 17, 2013) ....................................................................................22

*Frego v. Settlement Class Counsel (In re Chinese-Manufactured Drywall Prods. Litig.)*, 16 F.4th 1181 (5th Cir. 2021) ..................................................................13

*In re Brown Transp. Truckload, Inc.,* 1990 U.S. Dist. LEXIS 16300 (N.D. Ga. Nov. 7, 1990...................................................................................................20

*In re Daikin Miami Overseas, Inc.*, 868 F.2d 1201 (11th Cir. 1989) .............. 19, 20

*In re Ernie Haire Ford, Inc.*, 764 F.3d 1321 (11th Cir. 2014) ................................16

*In re Pan Am. World Airways*, 905 F.2d 1457 (11th Cir. 1990)................ 17, 19, 20

*Paylan v. Abdo (In re Abdo)*, 848 Fed. Appx. 877 (11th Cir. 2021) .......................15

*Stacy Fuel & Sales v. Ira Phillips, Inc.*, 167 B.R. 243 (N.D. Ala. 1994)................20

*Recinos v. MorEquity, Inc.*, 2012 U.S. Dist. LEXIS 89663 (D. Nev. June 28, 2012)………… ………………………………………………..................21

*Tomberlin v. Multibank 2009-1 CML-ADM Venture, LLC*, 848. Fed. Appx. 875 (11th Cir. 2021).......................................................................................................8

*Truck Ins. Exch. v. Kaiser Gypsum Co.*, 144 S.Ct. 1414 (2024) ...........................24

*Valdez v. Feltman (In re Worldwide Web Sys.)*, 328 F.3d 1291 (11th Cir. 2003)...19

## STATUTES

11 U.S.C. § 1109(b) ................................................................................................23

28 U.S.C. § 158(a)(3)………………………………………………………………8

## TREATISES

7 Collier on Bankruptcy (16th ed. 2023) .................................................................23

## JURISDICTIONAL STATEMENT

Under 28 U.S.C. § 158(a)(3), this Court has jurisdiction to hear an appeal from a Bankruptcy Court's final order. On July 3, 2024, the Bankruptcy Court entered the Distribution Order. Gabbe filed her notice of appeal on July 15, 2024 (Dkt. 2, p. 113)

## STATEMENT OF THE ISSUES

Whether the Bankruptcy Court should be affirmed in its order authorizing distributions to the beneficiaries of the Galardi Creditor Trust when Appellant: (i) agreed "not to take any action or make any further filings in the Bankruptcy Court or any other court. . .  which may affect in any way the Liquidating Trustee's disbursements from or management of the Galardi Creditor Trust", (ii) has expressly disclaimed any interest in the Galardi Creditor Trust, (iii) did not file an objection to the motion that is on appeal, and (iv) failed to appear at the June 21, 2024, hearing on the motion.

## STANDARD OF REVIEW

This Court reviews the factual finding of the Bankruptcy Court for clear error and its resolution of any legal questions *de novo. Tomberlin v. Multibank 2009-1 CML-ADM Venture, LLC*, 848. Fed. Appx. 875, 876 (11th Cir. 2021).

This Court should affirm the Bankruptcy Court if there is any reason for doing so that is supported by the record even if not relied upon by the Bankruptcy Court. *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1288, n.7 (11th Cir. 2019).

## STATEMENT OF THE CASE

On January 12, 2022, Teri Galardi ("**Debtor**") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the Bankruptcy Court. The Bankruptcy Court entered an *Order Confirming Joint Plan of Reorganization* on April 14, 2023 ("**Confirmation Order**"). Pursuant to the Confirmation Order, the Bankruptcy Court appointed Thomas T. McClendon ("**Liquidating Trustee**") as Liquidating Trustee to administer the Galardi Creditor Trust ("**Trust**") for the benefit of unsecured creditors under Class 8 of the Plan.

On November 1, 2023, the Liquidating Trustee, The Law Office of Astrid E. Gabbe, P.A. ("**Gabbe Law**"), Astrid E. Gabbe (collectively with Gabbe Law, "**Gabbe**"), Christopher Kosachuk, Jammie Parker, Shakir Williams, Dudley Law, LLC, and Ainsworth Dudley announced a settlement of all matters which had or could have arisen between them, subject to the Court's approval of a written settlement agreement.

On November 22, 2023, the Liquidating Trustee filed a Motion to Approve Settlement Agreement between the Parties (Dkt. 4 at 251 - 282) with the Settlement Agreement attached as Exhibit "A" (the "**First Settlement Agreement**"). The Bankruptcy Court held a hearing on December 18, 2023. At such hearing, Joseph R. Guernsey d/b/a Red Shield Funding ("**Guernsey**") consented to and joined the

Settlement Agreement and became another Settlement Party.

On December 19, 2023, the Bankruptcy Court entered an *Order Authorizing Liquidating Trustee's Entry into a Settlement Agreement with The Law Office of Astrid E. Gabbe, P.A., Astrid E. Gabbe, Christopher Kosachuk, Jammie Parker, Shakir Williams, Dudley Law, LLC and Ainsworth Dudley* (Dkt. 4 at 283 - 288) (the "**Settlement Order**"). The Settlement Order made the First Settlement Agreement effective on December 19, 2023.

Pursuant to Paragraph 18 of the Settlement Agreement, Gabbe:

agree[d] not to take any action or make any further filings in the Bankruptcy Court or any other court, including without limitation the U.S. District Court for the Southern District of Florida, which (a) may affect in any way the Liquidating Trustee's disbursements from or management of the Galardi Creditor Trust or (b) against any claimant in this case or party to this agreement.

First Settlement Agreement at ¶ 18.

On March 4, 2024, Ms. Gabbe called the Liquidating Trustee, indicating that her signature on certain engagement letters filed on her behalf by her Georgia counsel were forged. Dkt. 4 at 301 - 307 (the "**Second Settlement Agreement**"). She further asserted that she did not authorize the filing of an adversary proceeding in which she sued the Liquidating Trustee, his law partner, his firm, and several others, and she apologized to the Liquidating Trustee for these filings. *Id.* She indicated that she did not want to commit perjury or rely on forged documents, and did not want to participate further in the Bankruptcy Case or the evidentiary hearing

scheduled later that month on her claims in the case. *Id.* As a result of this conversation, the Liquidating Trustee, Gabbe and Gabbe P.A. entered into a second settlement agreement dated March 5, 2024 under which Gabbe and Gabbe P.A. "expressly disclaims and releases any rights to receive future distributions in the Bankruptcy Case or any related case." *Id.*

On April 25, 2024, the Liquidating Trustee filed a *Motion to (A) Approve Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorize Liquidating Trustee to Pay Remaining Liabilities, (C) Authorize Winding Down of Liquidating Trust and (D) Release Liquidating Trust Parties and Granting of Injunctive Relief* (the "**Distribution Motion**") (Dkt. 8 at 117).

On May 17, 2024, Jammie Parker ("**Parker**") filed a response in opposition to the Distribution Motion in which she specifically objected to the injunctive relief requested. On May 20, 2024, Kosachuk filed a response in opposition to the Distribution Motion in which he specifically objected to the injunctive relief requested. (Dkt. 8 at 117).

On June 21, 2024, the Bankruptcy Court held a hearing on the Distribution Motion. Kosachuk and Parker appeared for part of the hearing. Gabbe did not appear.

On June 28, 2024, the Bankruptcy Court held a further hearing solely on Kosachuk's objections to the injunction language proposed by the Liquidating Trustee in the Distribution Order. Gabbe did appear at that hearing. (Dkt. 4 at 539)

(June 28, 2024 Tr. at 5:1-2). Yet she did not make any comment other than to tell the Bankruptcy Court that her computer was hacked. (Dkt. 4 at 553) (June 28, 2024 Tr. at 19:4-23).

On July 3, 2024, the Bankruptcy Court entered the Distribution Order. The Distribution Order *inter alia* authorized the Liquidating Trustee to make disbursements as set forth in the Distribution Motion in satisfaction of general unsecured claims against the Debtor in this case and against the Galardi Creditor Trust.

On July 14, 2042, Gabbe appealed the Distribution Order. This Court received the Notice of Bankruptcy Appeal Record on August 30, 2024. Dkt. 2. As indicated in the Clerk's letter to the parties, "Appellant shall serve and file its briefs within 30 days after entry of the Notice of Bankruptcy Appeal Record on the docket pursuant to Rule 8018." Dkt. 3. Thus, Gabbe's brief was due on Monday, September 30, 2024.

Gabbe, however, did not file her brief until October 2, 2024. Further, Gabbe's brief did not include an appendix as required by Federal Rule of Bankruptcy Procedure 8018(b).

## ARGUMENT AND CITATIONS OF LAW

I.  *Gabbe Has Waived Her Right to Bring This Appeal Under the Settlement Agreement.*

As set out above, Gabbe promised "not to take any action or make any further filings in the Bankruptcy Court or any other court which… may affect in any way

the Liquidating Trustee's disbursements from or management of the Galardi Creditor Trust." It is clear that appealing an order authorizing the Liquidating Trustee to make a distribution violates this promise. Gabbe received $68,350.00 in distributions as a result of the First Settlement Agreement. (Dkt. 4 at 7 at 260 - 261 ¶¶ 8 and 9) (providing for distributions to Gabbe P.A. of $27,400 on the claim of Jammie Parker and $40,950 on the claim of Shakir Williams). In exchange, Gabbe agreed to (i) withdraw all of her pleadings in the Bankruptcy Case and other courts, (ii) release the Liquidating Trustee, the Galardi Creditor Trust, and others, and (iii) not to file anything else. *Id.* at 261 – 264 ¶¶ 10, 12, and 18.

A party may voluntarily waive a right to bring an appeal. *Frego v. Settlement Class Counsel (In re Chinese-Manufactured Drywall Prods. Litig.)*, 16 F.4th 1181, 1184 (5th Cir. 2021) (holding that parties "may also give up their statutory right to appeal" and quoting 15A Charles Alan Wright et al., Fed. Prac. & Proc. § 3901 that "parties can waive the right to appeal just as parties by settlement can waive the right to decision of their disputes by any court and can stipulate to entry of a consent judgment."). Indeed, just like here, the Fifth Circuit stated that "[a]ppeal waivers can also serve as a bargaining chip to facilitate negotiation." *Id.* The Liquidating Trustee gave Gabbe valuable consideration in exchange for a promise she has repeatedly flouted, including by filing this appeal.

Gabbe clearly and knowingly agreed not to take any action or make any

further filings in any court that would affect the Liquidating Trustee's distributions. This promise clearly was violated by this appeal. The Court should enforce this waiver and dismiss this appeal.

II.    *Gabbe Has Disclaimed Any Interest in the Galardi Creditor Trust and Lacks Standing on this Appeal.*

Gabbe lacks standing to bring this appeal because she is not a creditor in this case, having disclaimed any interest in the case, and she is not a "person aggrieved" as required to prosecute a bankruptcy appeal in the Eleventh Circuit. This Appeal must be dismissed for lack of standing.

Gabbe blithely asserts "her interests as a creditor and as a party with standing whose was [sic] agreeing to desired finality." Gabbe Brief at 15. But Gabbe deliberately omits from her statement of facts that she signed the Second Settlement Agreement. In the Second Settlement Agreement, "Ms. Gabbe expressly disclaims and releases any rights to receive future distributions in the Bankruptcy Case or any related case." (Dkt. 4 at 302). The Second Settlement Agreement goes on to list several specific claims which Gabbe "disclaims and waives" in the Bankruptcy Case. (Dkt. 4 at 302 - 303). Thus, there can be no doubt that Gabbe has no direct pecuniary interest in the distributions from the Galardi Creditor Trust. Remarkably, she admits as much, stating "Appellant <u>was</u> a Class 8 unsecured creditor that has been paid in full by the Trustee, and <u>no long had a monetary interest in the case at the time of being served with the Motion</u>." Gabbe Brief at 6 (emphasis added).

Standing in a bankruptcy appeal is governed by the "person aggrieved" standard. *Paylan v. Abdo (In re Abdo)*, 848 Fed. Appx. 877 (11th Cir. 2021). "The 'person aggrieved' doctrine is more restrictive than traditional Article III standing, as it allows a person to appeal only when she is 'directly, adversely, and pecuniarily affected by a bankruptcy court's order."

The Eleventh Circuit in *Paylan* explained the "person aggrieved" standard is necessary "due to the nature of bankruptcy proceedings, which 'often involve numerous creditors who are dissatisfied with any compromise that jeopardizes the full payment of their outstanding claims against the bankrupt.'" *Id.* at 879. The standard "was adopted to ensure the goals of bankruptcy were not derailed by a flood of appeal." *Id.* (punctuation omitted). "That a person had the ability to participate in bankruptcy proceedings does not automatically grant standing to appeal the bankruptcy court's order." *Id.*

"A person is not aggrieved when the bankruptcy court's order being appealed from causes only indirect harm to a party's asserted interest." *Id.* "In other words, the person must have a financial stake in the appealed order such that the order "diminishes their property, increases their burdens or impairs their rights." *Id.* Further, "for a person to be aggrieved, the interest they seek to vindicate must be one that is protected or regulated by the Bankruptcy Code." *Id.* Gabbe expressly admits that she had no financial interest in the Distribution Order. Gabbe Brief at 6.

Gabbe may argue that she was entitled to injunctive relief from litigation under the Distribution Order and thus may have status as a "person aggrieved." This argument was considered and rejected by the Eleventh Circuit in *In re Ernie Haire Ford, Inc.*, 764 F.3d 1321 (11th Cir. 2014). In that case, the Eleventh Circuit held that a former creditor, Atkinson, lacked standing to appeal.

Atkinson, like Gabbe here, was a former creditor who withdrew his proof of claim in the bankruptcy case. *Ernie Haire Ford*, 746 F.3d at 1327. Atkinson, like Gabbe here, appealed and argued that he was a "person aggrieved" because "the bankruptcy court's order deprived him of an affirmative right granted to him under the Second Plan—the right to enjoin any litigation initiated after passage of the Litigation Bar Date. Under the Second Plan, Atkinson could defend against liability in suits filed after the Litigation Bar Date by turning to the bankruptcy court for an injunction." *Id.* Just like Gabbe in this case, Atkinson sought an appeal and a reversal with instruction to the bankruptcy court to institute such an injunction. *Id.*

The Eleventh Circuit emphatically rejected this argument, finding that even if it assumed that Atkinson suffered a direct harm by the appealed order, "he is still not a person aggrieved because his interest is not protected or regulated by the Bankruptcy Code." *Id.* Atkinson, like Gabbe, was not a creditor, but merely an individual whose sole interest was preventing litigation against him. This was not an interest protected or regulated by the Bankruptcy Code. "Importantly, Atkinson's

right originates in the Second Plan, not the Bankruptcy Code." Just like Atkinson, Gabbe's only interest in this case is to seek an injunction that will protect her from litigation. Just like Atkinson, Gabbe has no standing to do so.

The argument can best be summarized by the Eleventh Circuit itself: "The purpose of the person aggrieved standard is to prevent bankruptcies from being needlessly prolonged by parties whose interests are not central to the process. Treating [Gabbe] or other tangentially interested parties as persons aggrieved would completely undermine the rationale behind our standard and bring bankruptcy proceedings to a grinding halt." *Id.*

This Appeal must be dismissed due to Gabbe's failure to be a "person aggrieved" by the Distribution Order.

III. *Gabbe Waived Any Arguments in this Appeal by Failing to Raise Them in the Bankruptcy Court.*

Gabbe argues at length that the injunction should have included claims made against her by Kosachuk and Parker. But Gabbe waived this argument by failing to raise it in the Bankruptcy Court. "A federal appellate court will not, as a general rule, consider an issue that is raised for the first time on appeal. The corollary of this rule is that, if a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it." *In re Pan Am. World Airways*, 905 F.2d 1457, 1461-62 (11th Cir. 1990).

Conspicuously absent from Gabbe's brief is any citation to any argument she made in the Bankruptcy Court. She admits that she did not file an objection to the motion. Gabbe Brief at 15. She admits that she did not attend the June 21st hearing. *Id.* She never filed a motion for reconsideration or a similar motion. *See generally* Bankruptcy Court Docket, Dkt. 2.

Even more damning to Gabbe's appeal is the fact that Gabbe actually appeared at the June 28th hearing on Kosachuk's objections to the language proposed by the Liquidating Trustee for the Distribution Order. Gabbe never raised any complaint about the language in the order. In fact, the only item she wanted the Bankruptcy Court to know is that her computer was hacked, as evidenced by her comments at that hearing.

> **THE COURT:** All right. Someone else is trying to make a statement.
> **MS. GABBE:** Your Honor, Astrid Gabbe.
> **THE COURT:** Yes, Ms. Gabbe.
> **MS. GABBE:** Okay. I told you at the beginning that my computer was hacked apparently two months ago.
> **THE COURT:** Okay.
> **MS. GABBE:** None of that even came from my Pacer account or came from me. I withdrew from the bankruptcy, I believe, in March --
> **THE COURT:** Okay.
> **MS. GABBE:** -- because there was much fraud going on and I did not want to be involved anymore. I gave up my interest in any future payments and at this time --
> **THE COURT:** Let me cut you off. We're here on a proposed order to the Trustee's motion to make a third distribution.
> **MS. GABBE:** Correct.
> **THE COURT:** If you -- if what you're telling me doesn't relate to that, then you need to file a separate motion with the court and we'll address whatever your concern is later.

      **MS. GABBE:** Yes, Your Honor.

(Dkt. 4 at 553) (June 28, 2024 Tr. at 19:2-24).

      Thus, Gabbe has utterly failed to show that she "first clearly present[ed] it to the [trial] court, that is, in such a way as to afford the [trial] court an opportunity to recognize and rule on it." *Pan Am.*, 905 F.2d at 1461-62.

      While the Eleventh Circuit has provided five exceptions to this rule, none of these exceptions apply here. These exceptions are: "when (1) it involves a pure question of law if the refusal to consider it would result in a miscarriage of justice; (2) the objection is not raised in the court below because the appellant had no opportunity to raise the objection; (3) there is at stake a substantial interest of justice; (4) the proper resolution is beyond any doubt; and (5) if the issue presents significant questions of general impact or great public concern." *Valdez v. Feltman (In re Worldwide Web Sys.)*, 328 F.3d 1291, 1301 (11th Cir. 2003).

      As to the first exception, Gabbe argues that the Bankruptcy Court abused its discretion in eliminating Kosachuk and Parker's claims against Gabbe from the permanent injunction. This necessarily included issues of fact, such as what those claims were. *In re Daikin Miami Overseas, Inc.*, 868 F.2d 1201, 1207 (11th Cir. 1989) (applying such analysis to an application for approval of fees and finding a failure to meet the first exception).

      As to the second exception, Gabbe could have filed a motion for

reconsideration, but chose not to. Failure to do so eliminates any argument under this exception. *See In re Brown Transp. Truckload, Inc.,* 1990 U.S. Dist. LEXIS 16300 (N.D. Ga. Nov. 7, 1990 (declining to rule on the appeal order because appellant could have, but chose not to file a motion for reconsideration); *Stacy Fuel & Sales v. Ira Phillips, Inc.*, 167 B.R. 243 (N.D. Ala. 1994).

As to the third exception, the "interests of substantial justice" are "generally equated with the vindication of fundamental constitutional rights." *In re Daikin Miami Overseas, Inc.*, 868 F.2d 1201, 1207 (11th Cir. 1989). Gabbe has no fundamental constitutional rights here.

As to the fourth exception, if the proper resolution of this appeal is beyond all doubt, it is in favor of the Liquidating Trustee, not Gabbe.

As to the fifth exception, these issues do not present any significant questions of general impact or great public concern. The Eleventh Circuit in *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355 (11th Cir. 1984) found that the fifth exception was met when the issue on appeal involved efforts by the government "to deny Cuba access to American dollars which could finance acts of aggression or subversion." *Id.* at 361. No such significant question is raised here.

Because Gabbe has failed to show that she "first clearly present[ed] it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it." *Pan Am.*, 905 F.2d at 1461-62, this Appeal must be

dismissed.[1]

IV.    *Gabbe's Arguments are Unsupported by Law.*

The primary thrust of Gabbe's merits arguments is that she alone of all the creditors was not included in the permanent injunction in the Distribution Order. *See* Gabbe Brief at 7-8. Gabbe's sole enumeration of error is that this "was clear error and an abuse of discretion, because bankruptcy law does not allow for limited party in interest standing." Gabbe Brief at 9.

First, Gabbe's blithe argument that she was a creditor lacks any factual support. She is not a creditor, nor is she a beneficiary of the Galardi Creditor Trust. At the least, she released her disputed claims against the Galardi Creditor Trust by an explicit settlement agreement on March 5, 2024.

Second, Kosachuk claimed to hold a contractual claim against Gabbe for work done for Gabbe and Gabbe P.A., and Parker claimed to hold legal malpractice claims against Gabbe for representation in Florida, where Gabbe is admitted as an attorney and where Gabbe represented Parker in a prior case. The concern of Kosachuk and Parker, expressed at the hearing, was that the injunctive language was so broad that it would have included those claims. The Liquidating Trustee agreed at the hearing

---

[1] Gabbe's further procedural errors – filing an untimely brief and her failure to file an appendix required under Rule 8018(b) – further support the dismissal of this Appeal. *See Recinos v. MorEquity, Inc.*, 2012 U.S. Dist. LEXIS 89663 (D. Nev. June 28, 2012) (dismissing appeal because of appellants' failure to provide an appendix with their opening brief).

to carve out from the injunction Kosachuk's and Parker's claims against Gabbe. The Bankruptcy Court presided over the hearing, listened to the argument of the parties, and determined to enter the order with the carveout.

(i)    *Any Statement by the Liquidating Trustee is Not Binding on the Bankruptcy Court.*

In support of her argument that the Bankruptcy Court erred, Gabbe argues that the Liquidating Trustee judicially admitted that Kosachuk and Parker lacked party in interest standing. *See* Gabbe Brief at 9-12.

Of course, any purported admissions by the Liquidating Trustee are not binding on the Bankruptcy Court. The Bankruptcy Court is free, as all courts must be, to accept or reject the parties' arguments. *See Eckert v. Sears, Roebuck & Co.*, 2013 U.S. Dist. Lexis 149561 at *5, 2013 WL 5673511 (M.D. Fla. Oct. 17, 2013) (admission cannot bind the Court in ruling on an issue).

(ii)    *The Bankruptcy Court Properly Found that Kosachuk and Parker Had Standing as to the Injunction Language.*

Gabbe further argues that there is no such thing as "limited standing" under the Bankruptcy Code. *See* Gabbe Brief 12-14. The Distribution Order provided:

> For the reasons stated on the record, Christopher Kosachuk, Jammie Parker, and Shakir Williams lack standing to object to the Motion, with the limited exception of the scope of the injunctive relief, on which the Court reserved ruling and which is discussed below.

Distribution Order at 3.

Gabbe's only citations of law in this section of her brief are: (i) 11 U.S.C. §

1109(b) and (ii) *Collier on Bankruptcy*. Not only do these citations fail to support her argument, but such citations actually contradict Gabbe's arguments. To start, 11 U.S.C. § 1109(b) provides that "a party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter."

Gabbe cites to *Colliers* on page 13 of her brief. *Colliers* actually states that the Bankruptcy Court correctly ruled on standing. "The general theory behind [§1109(b)] is that anyone holding a direct financial stake in the outcome of the case should have an opportunity (either directly or through an appropriate representative) to participate in the <u>adjudication of any issue that may ultimately shape the disposition of his or her interest</u>." 7 Collier on Bankruptcy ¶1109.01 (16th ed. 2023) (emphasis added). Thus, *Colliers* stands for the proposition that a party has standing if their financial interest is affected by the particular issue then in front of the court.

The obvious corollary is that a party is not a party in interest if there is not a direct financial stake in the outcome of the issue. The very next sentence in *Colliers* states this: "Conversely, an entity that does not hold a financial stake in the case is generally excluded from the definition of "party in interest." *Id.*

Gabbe further ignores the United States Supreme Court's recent ruling on the

scope of 11 U.S.C. § 1109(b) in *Truck Ins. Exch. v. Kaiser Gypsum Co.*, 144 S.Ct. 1414 (2024). In that case, the Supreme Court cited the same section of *Colliers'* that Gabbe does here. *Id.* at 1424. The Supreme Court held that an insurance company was a party in interest with standing to object to a bankruptcy plan of reorganization. "The fact that Truck's financial exposure may be directly and adversely affected by a plan is sufficient to give Truck (and other insurers with financial responsibility for bankruptcy claims) a right to voice its objections in reorganization proceedings." *Truck Ins. Exch. v. Kaiser Gypsum Co.*, 144 S. Ct. 1414, 1427 (2024).

The Bankruptcy Court correctly held that Mr. Kosachuk and Ms. Parker had no interest in the distributions from the Galardi Creditor Trust. Thus, they were not parties in interest as to that issue. But, as to the issue of the scope of the injunctive relief being heard, the Bankruptcy Court found that Kosachuk's and Parker's asserted financial interest (i.e. contractual claims against Gabbe) may be affected.

The Bankruptcy Court found that Kosachuk and Parker had no financial interest in the disbursements from the Galardi Creditor Trust, stating:

> For the other objections and matters raised in the responses in opposition to the fee application of Jones and Walden, the fee application of the liquidating trustee, and the motion to disburse by the liquidating trustee, the Court, for the reasons articulated in the Trustee's replies and response, and by Mr. McClendon just a few minutes ago, the Court agrees that there is no standing for Ms. Parker or Mr. Kosachuk or Ms. Williams, who's not even here, to be heard on those matters today.

(Dkt. 4 at 404) (June 21, 2024 Tr. at 73:11-19).

The Bankruptcy Court did find that Kosachuk's and Parker's asserted contractual claims against Gabbe gave them a pecuniary interest in that particular issue and thus standing to argue that the injunctive relief should not affect their contractual claims against Gabbe.

The following colloquy between Ms. Parker and the Bankruptcy Court evidenced the Bankruptcy Court's analysis of the underlying facts as they bore on standing:

> **THE COURT:** Did she represent you at some point?
> **MS. PARKER:** In the very beginning, yes.
> . . .
> **THE COURT:** And you think you may have a claim against her for some sort of damages or malpractice or some harm you think she -- her representation of you caused you.
> **MS. PARKER:** Yes.
> **THE COURT:** Okay. I'm not sure -- I don't know that she's even released that broadly in what's proposed. But, yes, if and when we get to that today, you can be heard on that subject.
> **MS. PARKER:** Okay.
> **THE COURT:** You have standing to be heard on that subject.

(Dkt. 4 at 412 – 413) (June 21, 2024 Tr. at 76:13-77:16).

Gabbe asserts that this is a finding by the Bankruptcy Court that Kosachuk and Parker had "limited standing, a status that does not exist under the Bankruptcy Code." Gabbe Brief at 14. The phrase "limited standing" is one used by Gabbe and not by the Bankruptcy Court. Moreover, Gabbe provides no citation to authority whatsoever on that argument. Gabbe's argument is contrary to the phrase she herself cites from *Collier*. That sentence from Colliers was quoted in a United States

Supreme Court case from this year, but Gabbe failed to even mention the Supreme Court case.

    (iii)   *Trustee Owes No Duty to Gabbe and Had No Deal Beyond the Settlement Agreements.*

In an unfortunate last-ditch effort, Gabbe asserts that that Liquidating Trustee breached a duty to Gabbe. Gabbe asserts that "Trustee never informed Gabbe he was in settlement negotiations with Kosachuk and Parker that were detrimental to her interest as a creditor and as a party with standing whose was agreeing to desired finality." Gabbe Brief at 15. Further, Gabbe asserts that "Trustee did not have the authority from Gabbe and Gabbe P.A. modify [sic] at the hearing the terms of a deal set forth in a motion that was served on Appellant which included as an essential part of a deal protection from claims in the future for Gabbe and Gabbe P.A. Gabbe and Gabbe P.A. were trust beneficiaries to which the Liquidating Trustee owed a duty of loyalty and honest dealing, which was breached." *Id.*

Again, Gabbe is simply ignoring the fact that neither she nor her law firm are creditors in this case or beneficiaries under the Trust. Gabbe, on behalf of herself and her law firm, expressly disclaimed any interest in the Bankruptcy Case and the Galardi Creditor Trust. Thus, to the extent that the Liquidating Trustee ever owed Gabbe or her firm any duty,[2] such duty was released under the Second Settlement

_____

[2] The Liquidating Trustee does not concede that he owed Gabbe or Gabbe P.A., "a duty of loyalty and honest dealing." It is noteworthy that Gabbe, herself a lawyer,

Agreement. (Dkt. 4 at 301 – 307) (disclaiming any interest in the trust and releasing the Liquidating Trustee).

Relatedly, Gabbe complains that Trustee never informed Gabbe that he would be changing the deal and exempting Gabbe and Gabbe P.A. from the protection of the permanent injunction." Gabbe Brief at 15. The Liquidating Trustee had no "deal" with Gabbe beyond the First Settlement Agreement and Second Settlement Agreement. Neither Settlement Agreement contained any such requirement to notify Gabbe, and Gabbe does not argue that they do.

## V.   *Conclusion*

Gabbe's appeal is meritless. She expressly agreed not to make any further filings that would affect the Liquidating Trustee's disbursements. Nonetheless, Gabbe appealed the order authorizing the Liquidating Trustee's disbursements. She has no standing as a "person aggrieved" by the Distribution Order. She failed to make any arguments to the Bankruptcy Court, whether at the hearing or in a motion for reconsideration. Thus, Gabbe waived her right to make these arguments. Finally, Gabbe provides no coherent argument on the merits showing how the Bankruptcy Court erred in entering the Distribution Order. The Court should affirm the Bankruptcy Court's order.

---

and represented by another lawyer, does not cite any law in support of this assertion or analyze the Liquidating Trust Agreement that is the governing document for the Galardi Creditor Trust.

Respectfully submitted this 21ˢᵗ day of October, 2024.

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee of the Galardi
Creditors Trust

**JONES & WALDEN LLC**

*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
ljones@joneswalden.com
Attorney for Liquidating Trustee

## Certificate of Compliance

This document complies with Fed. R. Bankr. P. 8015(a)(7)(A) because it does not exceed more than 30 pages.

This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point font.

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee of the Galardi
Creditors Trust