# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ASTRID GABBE,<br><br>Appellant,<br><br>THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST,<br><br>Appellee. | CASE NO. 24-00233-MTT<br>APPEAL to the District Court for the Middle District of Georgia |

## MOTION FOR SANCTIONS FOR FRIVOLOUS APPEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8020

COMES NOW Appellee Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditor Trust ("**Liquidating Trustee**") hereby files this *Motion for Sanctions for Frivolous Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8020* (this "**Motion**") in response to the appeal (the "**Appeal**") by Astrid Gabbe ("**Appellant**") of the order entered on July 3, 2024 (Dkt. 2, p. 106) (the "**Distribution Order**") by the United States Bankruptcy Court for the Middle District of Georgia (the "**Bankruptcy Court**") in *In re Teri G. Galardi*, 22-50035-AEC (the "**Bankruptcy Case**"), showing this Court as follows:

1. On January 12, 2022, Teri Galardi ("**Debtor**") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the Bankruptcy Court.

1

2.      The Bankruptcy Court entered an *Order Confirming Joint Plan of Reorganization* on April 14, 2023 ("**Confirmation Order**"). Pursuant to the Confirmation Order, the Bankruptcy Court appointed Thomas T. McClendon ("**Liquidating Trustee**") as Liquidating Trustee to administer the Galardi Creditor Trust ("**Trust**") for the benefit of unsecured creditors under Class 8 of the Plan.

3.      On November 1, 2023, the Liquidating Trustee, The Law Office of Astrid E. Gabbe, P.A. ("**Gabbe Law**"), Astrid E. Gabbe (collectively with Gabbe Law, "**Appellant**"), and other parties announced a settlement of all matters which had or could have arisen between them, subject to the Bankruptcy Court's approval of a written settlement agreement.

4.      On November 22, 2023, the Liquidating Trustee filed a Motion to Approve Settlement Agreement (Dkt. 4 at 251 - 282) with the Settlement Agreement attached as Exhibit "A" (the "**First Settlement Agreement**").

5.      On December 19, 2023, the Bankruptcy Court entered an *Order Authorizing Liquidating Trustee's Entry into a Settlement Agreement with The Law Office of Astrid E. Gabbe, P.A., Astrid E. Gabbe, Christopher Kosachuk, Jammie Parker, Shakir Williams, Dudley Law, LLC and Ainsworth Dudley* (Dkt. 4 at 283 - 288) (the "**Settlement Order**"). The Settlement Order made the First Settlement Agreement effective on December 19, 2023.

6.      Pursuant to Paragraph 18 of the Settlement Agreement, Appellant:

agree[d] not to take any action or make any further filings in the Bankruptcy Court or any other court, including without limitation the U.S. District Court for the Southern District of Florida, which (a) may affect in any way the Liquidating Trustee's disbursements from or management of the Galardi Creditor Trust or (b) against any claimant in this case or party to this agreement.

First Settlement Agreement at ¶ 18.

7. After several other ancillary disputes, on March 5, 2024, Appellant entered a Second Settlement Agreement whereby Appellant "expressly disclaim[ed] and release[ed] any rights to receive future distributions in the Bankruptcy Case or any related case." Dkt. 4 at 301 - 307 (the "**Second Settlement Agreement**").

8. On April 25, 2024, the Liquidating Trustee filed a *Motion to (A) Approve Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorize Liquidating Trustee to Pay Remaining Liabilities, (C) Authorize Winding Down of Liquidating Trust and (D) Release Liquidating Trust Parties and Granting of Injunctive Relief* (the "**Distribution Motion**") (Dkt. 8 at 117).

9. Appellant did not object to the Distribution Motion.

10. After two hearings addressing other parties' objection to the Distribution Motion, on July 3, 2024, the Court entered an Order granting the Liquidating Trustee's Distribution Motion (Dkt. 2 at 104) (the "**Distribution Order**").

11. On July 14, 2042, Appellant appealed the Distribution Order.

## ARGUMENT AND CITATION OF AUTHORITY

Federal Rule of Bankruptcy Procedure 8020 ("**Rule 8020**") states that "[i]f the district court or BAP determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." The Rule 8020 advisory committee's note to 1997 amendment explains that "[b]y conforming to the language of Rule 38 Fed. R. App. P., this rule recognizes that the authority to award damages and costs in connection with frivolous appeals is the same for district courts sitting as appellate courts, bankruptcy appellate panels, and courts of appeals." Thus, "courts apply cases interpreting Rule 38 in determining whether to grant sanctions under Rule 8020." *Jackson v. McCracken*, Civil Action No. 1:23-cv-00046-SDG, 2023 U.S. Dist. LEXIS 159883, at *5 (N.D. Ga. Sep. 11, 2023).

Relief under Appellate Rule 38, and thus Bankruptcy Rule 8020, serves two main purposes: to (1) penalize litigants for appeals which are frivolous, obstructive, and nonconductive to judicial economy, and (2) compensate appellees who have been forced to incur costs in litigating a frivolous appeal. *See Burlington N. R. Co. v. Woods*, 480 U.S. 1, 7, 107 S. Ct. 967, 970 (1987) ("Rule 38 affords a court of appeals plenary discretion to assess "just damages" in order to penalize an appellant who takes a frivolous appeal and to compensate the injured appellee for the delay and added expense of defending the district court's judgment.").

"Rule 38 sanctions are appropriate against appellants who raise clearly frivolous claims in the face of established law and clear facts." *United States v. Univ. of Mia.*, No. 23-10526, 2024 U.S. App. LEXIS 17133, at *10 (11th Cir. July 12, 2024). For purposes of Rule 38 sanctions, a claim is frivolous if it is "utterly devoid of merit." *Id.* (citing *Bonfiglio v. Nugent*, 986 F.2d 1391 (11th Cir. 1993)). For example, sanctions pursuant to Rule 38 may be awarded where a party has ignored governing law. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1359 (11th Cir. 2018).

As discussed in detail in Appellee's Brief, filed contemporaneously herewith, Appellant's claims are utterly devoid of merit for a multitude of reasons. Appellant is an attorney with over 20 years of legal experience. Further, Appellant is represented by Charles M. Dalziel ("**Mr. Dalziel**"), an attorney with over 40 years of legal experience. As such, and for the reasons discussed below, Appellee requests this Court find this Appeal to be frivolous, dismiss the Appeal, and award Appellee attorneys' fees and double costs. *See Bonfiglio v. Nugent*, 986 F.2d 1391, 1392 (11th Cir. 1993) (awarding attorneys' fees and double costs against the Appellant, "an attorney with eleven years' legal experience, who should have known better" for bringing a frivolous appeal).

I. *Appellant Ignores Her Obligation Under the Settlement Order.*

First, Appellant expressly waived any right to bring this Appeal in the First Settlement Agreement approved by the Bankruptcy Court on December 19, 2023. In

the First Settlement Agreement, Appellant expressly promised "not to take any action or make any further filings in the Bankruptcy Court or any other court which . . . may affect in any way the Liquidating Trustee's disbursements from or management of the Galardi Creditor Trust." It is indisputable that this Appeal of the Distribution Order violates this promise. Appellant makes no attempt to excuse her direct violation of the First Settlement Agreement. Appellant knows that she has waived any right she may have had to bring this Appeal. Yet, in filing this Appeal, Appellant neglected to inform this Court of this key part of the record. As such, Appellant has acted in bad faith by continuing to bring this Appeal despite knowing that she is clearly legally prohibited from doing so. Thus, on this basis, Appellee requests this Court find Appellant's Appeal to be legally frivolous, dismiss the Appeal, and award Appellee full attorneys' fees and double costs. *See Throne v. Citicorp Inv. Servs.*, 378 F. App'x 629, 631 (9th Cir. 2010) (finding an appeal to be frivolous and awarding fees and costs where the appellant had previously executed a settlement agreement waiving his right to appeal).

    II.   *Appellant Falsely Claims to be a Creditor and Ignores Her Settlement Agreement Disclaiming Creditor Status.*

Further, as explained in detail in Appellee's Brief, Appellant further lacks standing to bring this Appeal as she is not a "person aggrieved" as required to prosecute a bankruptcy appeal in the Eleventh Circuit. Appellant asserts in her Appellant Brief that she is a "creditor" Dkt. 6 at 15. This is simply false. Appellant

6

fails to disclose that she has already "expressly disclaim[ed] and release[d] any rights to receive future distributions in the Bankruptcy Case or any related case." (Dkt. 4 at 302). In her Brief, Appellant discussed at length the laws governing standing while arguing that other parties lack standing to object to the Trustee's Distribution Motion. Simultaneously, Appellant fails to acknowledge her own lack of standing. Courts have repeatedly held that a lack of standing is a sufficient reason to award sanction for a frivolous appeal. *Wachovia Sec., LLC v. Loop Corp.*, 726 F.3d 899, 902 (7th Cir. 2013) ("[W]e dismiss [Appellant]'s appeal for lack of standing, and we also grant [Appellee]'s Fed. R. App. P. 38 motions against [Appellant] for bringing a frivolous appeal."); see also *Juravin v. Kennedy (In re Juravin)*, No. 5:23-cv-138-GAP, 2024 U.S. Dist. LEXIS 96703 (M.D. Fla. Apr. 22, 2024); see also *Kristan v. Turner (In re Kristan)*, No. EP 08-041, 2008 Bankr. LEXIS 3964 (B.A.P. 1st Cir. Dec. 15, 2008) (finding the appellant lacked standing to prosecute the appeal of an order of the bankruptcy court approving disbursement of estate funds, the bankruptcy appellate panel awarded attorneys' fees and double costs arising from appeal pursuant to Bankruptcy Rule 8020).

Further, not only did Appellant proceed in the face of her clear lack of standing, Appellant chose to distort the record by falsely claiming to be a creditor. Rather than disclosing the Second Settlement Agreement and attempting to argue that she is still a party in interest in spite of it, Appellant chose not to disclose this

7

key part of the record. In doing so, Appellant disregards key facts which she knows are pivotal to any decision on this Appeal. An attorney's obligation in these scenarios is clear.

> While a lawyer may challenge the legal effect of unfavorable facts, he may not misrepresent them to the court. Where the record contains unfavorable facts, the appellate advocate should fairly disclose and portray them in his brief. Of course, having done so, he may then zealously and vigorously challenge their impact on the case or argue for the application of law which would minimize or eliminate the court's valid consideration of them. Failure to observe these very basic standards of appellate practice erodes the ethical standards on which the legal profession and the appellate process are based.

*Schlafly v. Schlafly*, 33 S.W.3d 863, 873-74 (Tex. App. 2000). Appellants non-disclosure of these facts constitute a misrepresentation to the court.

In determining whether an Appeal is frivolous, a court may consider a wide array of factors including "bad faith on the part of the appellant and whether appellant's argument: addresses the issues on appeal properly; fails to support the issues on appeal; fails to cite any authority; cites inapplicable authority; makes unsubstantiated factual assertions; makes bare legal conclusions; or, misrepresents the record." *Dinur v. Meininger (In re Land Res., LLC)*, No. 6:12-cv-961-Orl-37, 2013 U.S. Dist. LEXIS 33909, at *3-4 (M.D. Fla. Mar. 11, 2013). Courts have often held that non-disclosure of material facts and factual misrepresentations are sufficient to render an appeal frivolous, regardless of the merit of the underlying legal argument. *See Reed v. Pediatric Servs. of Am. Inc.*, No. 21-10159, 2022 U.S.

App. LEXIS 19122, at *1 (11th Cir. July 12, 2022) ("[Appellant]'s flagrant factual misrepresentations render her appeal frivolous."). As a result, Appellee requests that this Court find Appellant's Appeal to be frivolous, dismiss the Appeal, and award Appellant attorneys' fees and double costs.

> III. *Appellant Ignores Binding Precedent from the U.S. Supreme Court on § 1109(b) and Otherwise Makes Legally Meritless Arguments.*

Finally, and perhaps most importantly, in addition to the fact Appellant has repeatedly disclaimed any right to bring this Appeal, the arguments asserted in Appellant's Brief are completely devoid of legal merit.[1] Appellant quotes 7 *Collier on Bankruptcy* ¶1109.01 (16th ed. 2023) for the proposition that "there is no such thing as limited standing" under the Section 1109(b) of Bankruptcy Code when it says no such thing. In doing so, Appellant fails to acknowledge binding precedent from the United States Supreme Court interpreting the scope of 11 U.S.C. § 1109(b) and citing to the same *Colliers* section relied on by Appellant. *See Truck Ins. Exch. v. Kaiser Gypsum Co.*, 144 S.Ct. 1414 (2024) (holding that a plan of reorganization's potential impact on an insurance company's financial responsibilities was sufficient to grant the insurance company status as a party in interest). As discussed above, ignoring governing law and thus asserting an argument that is legally frivolous is sufficient justification for an award of sanctions pursuant to Rule 38. See *Espinoza*

---

[1] Once again, this issue is discussed in greater detail in Appellee's Brief.

9

*v. Galardi Enters.*, 772 F. App'x 768, 771 (11th Cir. 2019) ("Because [Appellant]'s appellate arguments are entirely without merit -- and because [Appellant]'s lawyer failed to bring to this Court's attention binding precedent…we award to Plaintiffs double costs and reasonable attorneys' fees incurred as a result of having to defend this appeal[.]").

IV.     *Apportionment of Any Award Pursuant to Rule 38.*

Upon determining that Appeal is frivolous and that Appellee is entitled to an award of fees and double costs pursuant to Rule 38, the Court must then determine "whether those fees should be assessed against [Appellant] individually, or apportioned between [Appellant] and his counsel jointly." *Elam v. Bank of N.Y. Mellon*, No. 17-81289-CIV, 2019 U.S. Dist. LEXIS 7828, at *11 (S.D. Fla. Jan. 14, 2019). While "the language of Rule 38 does not explicitly provide for sanctions against attorneys, there is ample precedent in this and other courts for imposing Rule 38 sanctions on an attorney as well as his client." *Taiyo Corp. v. Sheraton Savannah Corp.*, 49 F.3d 1514, 1515 (11th Cir. 1995); see also *Pelletier v. Zweifel*, 921 F.2d 1465 (11th Cir. 1991) (finding joint and several liability between the attorney and his client for a frivolous appeal under Rule 38), cert. denied, 502 U.S. 855, 112 S. Ct. 167 (1991).

Here Appellee only requests that any award pursuant to this Motion be made against Appellant at this time. Parties and their attorneys have a fundamental

responsibility to conduct a reasonable level of scrutiny before filing any documents with the court. This obligation includes verifying the validity and merit of any arguments being advanced. Parties and their attorneys have an affirmative duty to ensure that the claims they present are grounded in reality and law.

Thus, an award of fees under Rule 38 should be imposed against Appellant. The failure to exercise due diligence and the submission of a meritless appeal warrant this approach to promote accountability within the legal profession and deter similar conduct in the future.

## CONCLUSION

For the reasons expounded upon above, Appellant's appeal is meritless. She has prosecuted this appeal in disregard of her legal obligations under multiple settlement agreements. Further, Appellant provides no coherent argument on the merits why the Bankruptcy Court erred in entering the Distribution Order. Thus, Appellee respectfully requests this court find Appellant's appeal to be frivolous, dismiss this Appeal, and award Appellee attorneys' fees and double costs in an amount to be determined upon further hearing of this matter.

[Signature below]

Respectfully submitted this 21st day of October, 2024.

                                **JONES & WALDEN LLC**

                                */s/ Thomas T. McClendon*
                                Thomas T. McClendon
                                Georgia Bar No. 431452
                                699 Piedmont Avenue, NE
                                Atlanta, Georgia 30308
                                (404) 564-9300
                                tmcclendon@joneswalden.com
                                Liquidating Trustee of the Galardi Creditors Trust

**Certificate of Compliance**

This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 2,533 words.

This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point font.

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee of the Galardi Creditors Trust