# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### MACONDIVISION

| | |
|---|---|
| **ASTRID GABBE,** | |
| **Appellant,** | **CASE NO. 24-00233-MTT APPEAL to the District Court for the Middle District of Georgia** |
| **THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITORS TRUST,** | |
| **Appellee.** | |

## ASTRID GABBE'S RESPONSE TO MOTION FOR SANCTIONS FOR FRIVOLOUS APPEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8020 [DE 10]

COMES NOW Appellant Astrid E. Gabbe, ("**Appellant**") and hereby files this response to the *Motion for Sanctions for Frivolous Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8020* (the "**Motion**") in response to the appeal (the "**Appeal**") by Astrid Gabbe of the order entered on July 3, 2024 (Dkt. 2, p. 106) (the "**Distribution Order**") by the United States Bankruptcy Court for the Middle District of Georgia (the "**Bankruptcy Court**") in *In re Teri G. Galardi*, 22-50035- AEC (the "**Bankruptcy Case**"), showing this Court as follows:[1]

---

[1] Appellant files this brief out of time because her attorney of record, Mr. Charles M. Dalziel, Jr., has been in the hospital since in or around November 10, 2024. Appellant learned of this fact from another attorney that is friendly with counsel. She has had no contact with counsel since late October, 2024.

1. <u>**Trustee Ambushed Appellant by Serving her a Motion and Proposed Order for the Court to Sign then Modified it, Ex Parte, at the Hearing to Grant the Motion**</u>

Trustee argues "[A]ppellant provides no coherent argument on the merits why the Bankruptcy Court erred in entering the Distribution Order" (Motion, pg. 11). First Appellant agrees with ¶¶ 1-11 as stated in the Motion.  This appeal is the directed result of the Trustee serving Appellant the third motion to disburse that also contained a Proposed Order for the judge to sign.  The motion is signed by the Trustee under Rule 9011.  Appellant did not file any response to the motion because she consented to all the relief requested, that obviously includes all payments to creditors.

In the motion Trustee requested the following relief on behalf of Appellant:

¶ 227. The Liquidating Trustee further requests that Bankruptcy Court enjoin all persons who may assert claims against the Galardi Creditor Trust, against the Liquidating Trustee, or against any other Released Party **or against any creditor or recipient of any payment from the Galardi Creditor Trust**:

**a**. commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the, Released Parties, or the respective assets or property of the Released Parties, including the assets of the Liquidating Trustee or the Galardi Creditor Trust, or regarding the validity of or asserting any interest in any, payment from the Galardi Creditor Trust;

**b.** enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order against Released Parties, or the respective assets or property of the Released Parties, including the assets of the Galardi Creditor Trust;

**c.** creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien or claim against a Released Party, or the respective assets or property a Released Party, including the assets of the Galardi Creditor Trust;

**d.** asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due a Released Party, or ther respective assets or property of a Released Party, including the assets of the Galardi Creditor Trust;

**e.** proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan, the Confirmation Order, the Liquidating Trust Agreement, the prior orders of this Court, or the Settlement Agreement approved by this Court on December 19, 2024 (Dkt. 683).

Trustee also drafted and filed a proposed order for the court to sign (DE 846,

pg. 63, Ex. C).  The proposed order stated:

> 10.  **ORDERED** that all persons who may assert claims in connection with this case, against the Galardi Creditor Trust, against the Liquidating Trustee, or against any **creditor or recipient of any payment from the Galardi Creditor Trust**, shall be and hereby are:
>
> a. enjoined from commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Released Parties, or the respective assets or property of the Released Parties, including the assets of the Liquidating Trustee or the Galardi Creditor Trust, or regarding the validity of or asserting any interest in any payment from the Galardi Creditor Trust;

But the Distribution Order signed by the Court was changed on the ex-parte oral motion of the Trustee to the following:

4. **The Liquidating Trustee agreed that the release and injunction provisions would expressly exclude from their application Kosachuk's and Parker's asserted claims against Astrid Gabbe and Astrid E. Gabbe, P.A. (emphasis added)**

12. **ORDERED** that notwithstanding anything to the contrary in this order, this order does not (a) **release Astrid E. Gabbe or Astrid E. Gabbe, P.A. from any liability or enjoin any claims which may be held or brought by Kosachuk or Parker against Astrid E. Gabbe or Astrid E. Gabbe, P.A. which such claims are reserved by Kosachuk and Parker… . (emphasis added)**

The actions of Trustee made against the interest of his own trust beneficiary are disturbing, to put it mildly.  Trustee fraudulently induced Appellant into not appearing, through counsel, at the hearing by serving her with a motion and proposed order he knew that she would consent to, thus not appear at the hearing.  Then sandbagged her when he realized she was not at the hearing to object to an ex-parte motion made against her or her law firm.  The Motion must be denied for all the foregoing reasons.

## 2. Appellant is a Creditor, Trust Beneficiary and Party in Interest with Standing to Appeal an Adverse Decision of the Bankruptcy Court.

Appellant is a "creditor" as defined in the bankruptcy code[2] because she held claims against the Debtor on the commencement date.  Appellant is also a trust beneficiary because she received payments from the Trustee pursuant to a proof of claim and the hotly contested Settlement Agreement.  Because Appellant is a "creditor" and undisputed trust beneficiary she is by definition a "party in interest".[3]

The Supreme Court recently had the opportunity to weigh in on this very issue.  In a unanimous 8-0 decision in Truck Insurance Exchange v. Kaiser Gypsum Co. Inc. et al.[4]  The Supreme Court held that an insurer with financial responsibility for claims in bankruptcy is a "party in interest" that may object to a plan of reorganization under chapter 11 of the Bankruptcy Code.  The Supreme Court interpreted section 1109(b) broadly based on the plain meaning of its text and the context and history of the text and bankruptcy law.  It found that by using the words "party" and "interest," the statute was intended to cover entities that are "potentially

---

[2] "Creditor" is an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor. § 101(10). The Ch.11 plan defines creditor as 1.31 "Creditor" means any Person that is the holder of a Claim against any of the Debtor (Sic).

[3] 1109(b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, **a creditor**, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter (emphasis added).

[4] No. 22-1079, slip op. (U.S. Jun. 6, 2024).

concerned with, or affected by, a proceeding." The historical context and purpose of both section 1109 and federal bankruptcy law supported greater participation in reorganization proceedings and a broad interpretation of section 1109(b).

Appellant also easily meets this definition because she participated in the bankruptcy case, Trustee served the third motion to disburse that requested she be protected by a permanent injunction. When Appellant did not appear at the hearing he carved her out without her knowledge or consent through an ex-parte oral motion. Accordingly, Appellant has standing to appeal the Distribution Order.

### 3. <u>Trustee Ex-Parte Oral Motion to Exclude Appellant from the Permanente Injunction Was Knowingly and Voluntarily Waived in the Settlement Agreement</u>.

In this matter we have the Trustee that lied to his own trust beneficiary, ambushed her at the hearing on the motion when she did not attend (because she consented to all the relief requested) and brought claims against Gabbe and her law firm the he had waived in the parties settlement agreement.

The Settlement Agreement states:

> 16. Releases by the Liquidating Trustee. On the Effective Date of this Agreement, **the Liquidating Trustee and the Galardi Creditor Trust hereby releases, acquits and forever discharges, in both their individual and representative capacities, Gabbe PA, Gabbe,** Kosachuk, Parker, Dudley, and Dudley Law and their respective attorneys, agents, heirs, successors and assigns **from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind, character or nature whatsoever, known, unknown or**

**suspected, direct or indirect, fixed or contingent, liquidated or continuing,** except only those obligations as expressly stated in this Agreement.

Trustee brought an ex-parte motion in open court to assert a claim against Gabbe and her law firm that he waived in the Settlement Agreement.  According to the release, Trustee waived his demand Gabbe and her law firm be excluded from the permanent injunction.  Trustee breached the Settlement Agreement thereby allowing Appellant to appeal the abuse she has had to endure that is directly attributable to this one act by Trustee.[5]

**4.** **Trustee Fails to State Exactly How Appellant Appealing a Discrete Issue in the Distribution Order Affects Disbursements from or Management of the Galardi Creditor Trust.**

The defect is fatal thereby requiring the court to deny the Motion.  In any event

---

[5] Appellant has already been sued in two cases as of today in two states by Mr. Kosachuk regarding payments from the Trustee.  Mr. Kosachuk is a former paralegal of Appellant's law firm.  He was terminated in March, 2024 after it was discovered he stole Appellant's identify.  He gained access to Appellant's email account and began communications and negotiating with Trustee and other lawyers in the case acting as the Appellant.  He negotiated settlements acting as the Appellant then forged her signatures on bankruptcy court documents.  He forged Appellant's signature on consent judgments against other Class 8 creditors that the [former] clients never consented to.  Mr. Kosachuk, again acting as Appellant, then sent the fraudulently obtained consent judgments to Trustee through email for payment.  The payments were to be sent directly to Appellant's law firm.  Moreover, Mr. Kosachuk will terrorize Appellant for the next decade and beyond if she is not covered by the permanent injunction.  For example, see: https://casetext.com/case/kosachuk-v-hazan-3.  Ms. Hazan has been defending against bogus claims asserted Mr. Kosachuk for 18 years and, according to her, spent over $500,000 in attorney fees to defeat his frivolous claims in New York, Delaware and Florida courts.  Mr. Kosachuk has been sanctioned over $100,000 and is currently under the threat of bodily attachment in the Southern District of Florida bankruptcy court but that still has not stopped his actions directed towards Ms. Hazan.  In short, Appellant is entitled to the protection of the permanent injunction to defeat the two pending cases and also to defeat the cases that will surely be filed over the coming years and decades.

it is patently obvious why Trustee does not explicitly state in the Motion why or how the Appeal interferes with payments to creditors or management of the trust. Appetent never sought at stay of the Distribution Order in the lower court and only appealed one single issue not even relevant to payment of creditors. In other words it is the Trustee that is interfering with payments to creditors because he has all the authority in the Ch. 11 Plan and Trust Agreement to pay creditors.

**11 U.S. Code § 1142 - Implementation of plan**
> **(a)**Notwithstanding any otherwise applicable nonbankruptcy law, rule, or regulation relating to financial condition, the debtor and **any entity organized or to be organized for the purpose of carrying out the plan shall carry out the plan and shall comply with any orders of the court.**

**Ch. 11 Plan - 8.4 Terms Binding.**
> Upon the entry of the Confirmation Order, all provisions of this Plan, including all agreements, instruments, and other documents filed in connection with this Plan and executed by the Debtor or the Reorganized Debtor in connection with this Plan, shall be binding upon the Reorganized Debtor, all Claim holders, and all other Persons that are affected in any manner by this Plan. All agreements, instruments, and other documents filed in connection with this Plan shall have full force and effect and shall bind all parties thereto as of the entry of the Confirmation Order, whether or not such exhibits actually shall be executed by parties other than the Debtor or the Reorganized Debtor, or shall be issued, delivered, or recorded on the Effective Date or thereafter.

**SECTION V. *PAYMENTS AND DISTRIBUTIONS.***
> 5.1 Distributions to Beneficiaries.
> **As often as in the reasonable discretion and judgment of the Liquidating Trustee there shall be available cash in an**

**amount sufficient to render feasible a distribution of Cash to the Beneficiaries, the Liquidating Trustee shall transfer and pay, or cause to be transferred and paid, to the Beneficiaries** (subject to the provisions of Section 3 hereof) such aggregate amount of Available Cash, if any, as shall then be held in the Creditors Trust, excluding reasonable amounts of Cash needed to pay the expenses, debts, charges, liabilities and obligations of the Creditors Trust (the "Distribution Amount")... .

**7.3 Liability of the Liquidating Trustee.**

c. **Discretion of Liquidating Trustee**. The Liquidating Trustee, within the limitations and restrictions expressed and imposed by this Trust Agreement, may act freely under all or any of the rights, powers and authority conferred hereby, in all matters concerning the Trust Estate, after forming his best reasonable business judgment based upon the circumstances of any particular question or situation as to the best course to pursue, without the necessity of obtaining the consent or permission or authorization of the Beneficiaries, the Bankruptcy Court, or of any official or officer; and the rights, powers and authority conferred on the Liquidating Trustee by this Trust Agreement are conferred in contemplation of such freedom of reasonable business judgment and action within the limitations and restrictions so expressed and imposed; *provided, however,* that the Liquidating Trustee shall not be liable for any error or exercise of judgment, unless it shall be proved that such Liquidating Trustee was grossly negligent or acted in a manner which constituted willful misconduct.

**Ch. 11 Plan, 4.3.1 (pg. 25) Duties and Powers of the Liquidating Trustee**
Except as explicitly provided in the Plan, the Debtor nor the Reorganized Debtor shall have any liability for any cost or expense of the Galardi Creditors Trust following the Effective Date. **The Liquidating Trustee shall distribute the Trust Proceeds in accordance with the Trust Agreement and the terms of the Plan.**

Trustee has all the authority necessary to pay creditors anytime he chooses to. He even enjoys almost total immunity when doing so. The Motion must be accordingly denied.

**5. <u>The Unstayed and Superfluous Distribution Order Also Authorizes Payments to Creditors.</u>**

Appellant never moved for a stay in the lower court or this one. Trustee can pay creditors now. The Distribution Order states:

> 3. **ORDERED** that the Motion, as modified by the Oral Modifications, is **GRANTED**, and the authority to make the distributions as set forth in the Motion is **GRANTED**. The Liquidating Trustee is authorized to make the disbursements as set forth in the Motion **in full and final satisfaction of such general unsecured claims against Teri G. Galardi, Ms. Galardi's bankruptcy estate in Case No. 22-50035, and against the Galardi Creditor Trust**.

<u>Conclusion</u>

Trustee filed a thirteen page Motion for sanctions that never once informed the Court how the Appeal is interfering with his ability to pay creditors or manage the trust because, as concisely explained above, <u>it does not</u>. Trustee is in violation of 11 U.S. Code § 1142 because he has failed to carry out the plan and follow orders of the court (Distribution Order authorizing payments to creditors). His fable attempts to shift the blame to Appellant are patently absurd. Furthermore, Trustee failed to inform the Court the Appeal is the direct result of his actions when he made an ex-parte oral motion against Appellant and her law firm that removed each of

them from the protection of the permeant injunction.  Trustee also failed to inform the Court the Distribution Order is not stayed and is enforceable.  Likewise, Trustee failed to inform the Court the Trust Agreement and Ch. 11 plan authorizes payments to creditors at any time he chooses.  Finally, Appellant is an "aggrieved person" with standing to pursue the wrong that was unjustly foisted upon her by her own Trustee through ex-parte communications with the court.  For all the foregoing reasons Appellant requests the Court deny the Motion.

/s/ <u>Astrid E. Gabbe</u>
Astrid Gabbe
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL 33083
astridgabbe@gmail.com
954-303-9882

## Certificate of Compliance

This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 2,970 words.

This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point font.

/s/ Astrid E. Gabbe
Astrid Gabbe
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL 33083
astridgabbe@gmail.com
954-303-9882